IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEXTEL SPECTRUM ACQUISITION CORP.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-2270 |
| | : | |
| **BURLINGTON COUNTY COLLEGE** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                                     December 27th, 2007

Now before the Court is Defendant Burlington County College's Motion to Change Venue (the "Motion"). For the reasons discussed below, the Motion will be granted.

**I. BACKGROUND**

This case arises from the award of a lease for the excess capacity of channels associated with three Educational Broadband Service ("EBS") stations to Clearwire Corporation ("Clearwire"). Plaintiff is a corporation organized under Delaware law with its principal place of business in Reston, VA. Compl. ¶ 4. Defendant is a nonprofit corporation organized under New Jersey law with its principal place of business in Pemberton, NJ. Id. ¶ 5.

As alleged in the Complaint, EBS channels are segments of the microwave radio frequency spectrum band reserved for use by noncommercial educational entities. Id. ¶ 2. The Federal Communications Commission allows EBS licensees to lease excess spectrum capacity on their EBS channels to wireless communications companies and other entities. Id. ¶ 3. In September 2005, Defendant issued a request for proposal (RFP) for the lease of the excess

capacity of three EBS stations.  Id. ¶ 6.  Plaintiff and its competitor Clearwire submitted the only two proposals.  Id. ¶ 10.

After a series of bids by Plaintiff and Clearwire, Defendant represented that it would award the lease to Plaintiff and that it would send Plaintiff a draft lease.  Id. ¶¶ 24-25.  The Complaint alleges that despite these representations, Defendant continued to accept secret bids from Clearwire while negotiating the draft lease with Plaintiff.  Id. ¶¶ 32-43.  After receiving two secret bids, Defendant awarded the lease to Clearwire on April 18, 2006.  Id. ¶ 46.  Despite awarding the lease to Clearwire, Defendant continued to mislead Plaintiff by stating that it had deferred the final lease decision.  Id. ¶¶ 47-51.  On June 30, 2006, Defendant informed Plaintiff that it had awarded the lease to Clearwire.  Id. ¶ 52.

On May 14, 2007, Plaintiff filed suit in the Philadelphia Court of Common Pleas.  On June 5, 2007, Defendant removed the action pursuant to 28 U.S.C. § 1441(a).[1]  Defendant filed the instant Motion on June 11, 2007.

## II.  DISCUSSION

Defendant argues: (a) that under 28 U.S.C. § 1391, venue is improper in the Eastern District of Pennsylvania; and (b) that even if venue is proper, the Court should transfer the action to the District of New Jersey.

Even assuming that venue would be proper in this district, the Court will transfer the action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which authorizes transfer to

---

[1] Because the parties are diverse and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction.  See 28 U.S.C. § 1332(a).

a proper venue "[f]or the convenience of parties and witnesses, in the interest of justice."[2]  The Third Circuit has recognized a number of factors relevant to the transfer inquiry:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

In re Amendt, 169 F. App'x 93, 96 (3d Cir. 2006) (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).  As the moving party, Defendant bears the burden of demonstrating that transfer to the alternative forum would be appropriate.  See, e.g., Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  Defendant need not show "truly compelling circumstances" for a change of venue, but rather that "all relevant things considered, the case would be better off transferred to another district."  Connors v. R&S Parts & Servs., 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (quoting In re United States, 273 F.3d 380, 388 (3d Cir. 2001)).

After weighing the factors addressed by the parties, the Court concludes that transfer to the District of New Jersey is appropriate.  While a plaintiff's choice of forum is generally "of paramount importance," the deference afforded to that choice is lessened where, as here, the plaintiff does not reside in the forum state.  Agrotors, Inc. v. Bell Helicopter Textron, Inc., 2004 U.S. Dist. LEXIS 3641, at *11 (E.D. Pa. Mar. 8, 2004).  Moreover, none of the facts underlying the action occurred in this district, and "courts consistently hold that a '[plaintiff's] choice is

---

[2] Venue is proper in New Jersey because the events underlying the claim occurred there and because Defendant resides there.  See 28 U.S.C. § 1391(a).

deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff.'" Eagle Traffic Control v. James Julian, Inc., 933 F. Supp. 1251, 1259 (E.D. Pa. 1996) (quoting Nat'l Mortgage Network, Inc. v. Home Equity Ctrs., Inc., 683 F. Supp. 116, 119 (E.D. Pa. 1988)).

Defendant is a community college funded by New Jersey taxpayers, and the EBS channels at issue broadcast primarily into New Jersey, giving New Jersey residents an "interest in having localized controversies decided at home." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 (1981) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947)).  Because the parties do not dispute that New Jersey law applies, there is an "interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action." Id. at 241 n.6.

For the foregoing reasons, the Court concludes that New Jersey's interest in resolving a local matter supports a transfer.  See Connors, 248 F. Supp. 2d at 396 (granting a motion to transfer venue where, inter alia, the underlying events occurred in New Jersey, "the local interests in the outcome of this action [are] greater in the District of New Jersey," and "a New Jersey District Judge would be more familiar with the applicable state law").  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NEXTEL SPECTRUM**<br>**ACQUISITION CORP.** | : <br> : <br> : | **CIVIL ACTION** |
| v. | : <br> : | **NO. 07-2270** |
| **BURLINGTON COUNTY COLLEGE** | : | |

## ORDER

**AND NOW**, this 27th day of December, 2007, upon consideration of Defendant's Motion to Change Venue (docket no. 3), Plaintiff's Response thereto (docket no. 6), and Defendant's Reply (docket no. 7), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**, and this case is **TRANSFERRED** to the District of New Jersey.

BY THE COURT:

/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.